Karin Scherner Aldama (#023816)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
KAldama@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff Nextiva, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Nextiva, Inc., an Arizona corporation,

Plaintiff,

v.

Aspen American Insurance Company, a Texas corporation,

Defendant.

No. CaseNumber

**COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**-AND-**
**DEMAND FOR JURY TRIAL**

COMES NOW PLAINTIFF, Nextiva, Inc., and for its Complaint alleges as follows:

## I. PARTIES

1. Plaintiff Nextiva, Inc. ("Nextiva") is an Arizona corporation with its principal place of business in Arizona.

2. Upon information and belief, defendant Aspen American Insurance Company ("Aspen" or "Defendant") is an insurance company incorporated under the laws of Texas with its principal place of business in Connecticut. Aspen is licensed to and does business in the State of Arizona and conducts regular business in Maricopa County, Arizona.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 28 U.S.C. § 1332, there being complete diversity of citizenship between the parties and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## III. FACTUAL BACKGROUND

### A. Underlying Lawsuit

5. Nextiva is a cloud-based communication company that focuses on offering its customers the ability to unify their business and internal communications into a single platform. Among other things, Nextiva offers customers VoIP ("Voice over Internet Protocol") phone service, in which customers use the internet instead of traditional phone lines for calling, faxing, texting, web conferencing, and essentially all of their communication needs. This is a growing and highly competitive industry.

6. One of Nextiva's competitors is a company called RingCentral, Inc. ("RingCentral"). The customers for whom Nextiva and RingCentral compete make their buying decisions based primarily on research they conduct online, e.g., via review websites. Purchasers of business-communications solutions typically spend time researching the best solutions for their respective businesses, either themselves or through the engagement of channel partners—that is, information-technology consultants that research and help guide large business customers with respect to their communications-systems purchasing and implementation needs. Purchasers review through this process both positive and negative reviews of the services provides by both Nextiva and RingCentral.

7. On or about May 14, 2019, RingCentral filed a lawsuit in the United States District Court for the Northern District of California captioned *RingCentral, Inc. v. John Does 1-19*, Case No. 19-02626 (the "Underlying Lawsuit"). The complaint only named as defendants, Does 1-19. An amended complaint was filed on November 22, 2019, naming Nextiva as a defendant, with a new caption *RingCentral, Inc. v. Nextiva, Inc., et al*. A second amended complaint was filed on March 20, 2020, and a third amended complaint was filed on December 31, 2020. The Underlying Lawsuit seeks injunctive relief and damages from Nextiva and alleges five causes of action: Interference with Prospective Economic Advantage, Trade Libel, Defamation, Cybersquatting, and Unfair Competition.

8. RingCentral alleges in the Underlying Lawsuit, among other things, that Nextiva "wrongfully interfered with its business opportunities" by creating fraudulent websites to "steer potential business towards Nextiva." RingCentral alleges that Nextiva posted "fake" negative reviews of RingCentral's service and "fake" positive reviews of Nextiva's service. RingCentral further alleges that Nextiva posted such "fake" public reviews on a number of independent online communications and collaboration review websites using "fake personas and misleading email addresses associated with these fake domains." RingCentral further alleges, among other things, that these posts injured RingCentral by "providing Nextiva with a perfect '5-star' rating or positive review."

9. The Underlying Lawsuit alleges, among other things, that RingCentral was injured by Nextiva's allegedly false and fake ratings about both Nextiva and RingCentral. For example, the Third Amended Complaint contains the following allegation: "Defendants . . . posing as 'Mary Widner' posted a five star review of Nextiva stating in part that 'Nextiva's platform is a dream'."

**B. Insurance Policy**

10. Aspen sold to Nextiva primary insurance entitled Management Liability Package Policy for Private Companies with a policy number DSUMLP000887-19, covering the period October 31, 2019 to October 31, 2020 (the "Policy" (attached hereto as Exhibit A)). The Policy contains limits of liability in the amount of $3,000,000.

11. The Policy includes Directors & Officers and Entity Liability Coverage, and contains a section entitled Insuring Agreement C: Entity Liability Coverage, which obligates Aspen to "pay, on behalf of an Organization, Loss which the Organization [that is, Nextiva] becomes legally obligated to pay resulting from a Claim first made against the Organization during the Policy Period . . . for a Wrongful Act."

12. The Policy also defines the following terms, among others:

a. **Loss** means "the amount the Insured becomes legally obligated to pay as a result of any Claim, including Defense Costs, compensatory, punitive, exemplary or multiple damages, judgments, settlements, an award of pre-judgment and post-judgment interest with respect to covered damages, and civil fines or civil penalties assessed against an Insured Person for an unintentional or non-willful violation of law . . . ."

b. **Claim** means, among other things, "a civil proceeding against an Insured commenced by the service of a complaint or similar pleading upon the Insured."

c. **Wrongful Act** means, among other things, "any actual or alleged error, misstatement, misleading statement, neglect, breach of duty, omission or act committed or attempted by any Insured Persons . . . or with respect to Insuring Agreement C . . . by the Organization."

13. The Policy also states that Aspen "shall have the right and duty to defend any Claim covered by this D&O Coverage Section even if the allegations are groundless, false or fraudulent."

### C. Tender of Underlying Lawsuit and Demand for Coverage

14. Nextiva tendered the Underlying Lawsuit to Aspen on or about December 31, 2019, requesting that Aspen acknowledge coverage and provide a defense of the Underlying Lawsuit.

15. Notwithstanding the allegations in the Underlying Lawsuit that Nextiva is liable to pay damages to RingCentral based on Nextiva's alleged wrongful acts, Aspen flatly denied coverage on or about January 10, 2020.

16. Aspen took the position that exclusions in its Policy relating to defamation and unfair trade practices remove coverage for any and all causes of action, even if a cause of action provides a wholly independent basis for potential liability. Aspen's position is erroneous, unsupported by the allegations in the Underlying Lawsuit, and inconsistent with the terms of the Policy, and it irreparably harms Nextiva in its efforts to defend and resolve the Underlying Lawsuit.

17. All applicable conditions precedent to full recovery under the Policy issued by Aspen have been satisfied, waived, or are the subject of estoppel.

## IV. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

18. Nextiva realleges and incorporates by reference, as if fully set forth herein, the allegations in each of the preceding paragraphs.

19. The Policy constitutes a valid and enforceable contract of insurance between Aspen and Nextiva.

20. Defendant breached the contract of insurance it issued to Nextiva by wrongfully denying insurance coverage, refusing to acknowledge the potential for coverage, and failing to defend Nextiva against the Underling Lawsuit.

21. Nextiva has performed all obligations required under Defendant's Policy, or is excused from performing such obligations by Aspen's breach.

22. As a direct and proximate result of Defendant's breach of its contract of insurance, Nextiva has been deprived of the benefits of its insurance coverage with respect to the Underlying Lawsuit. Nextiva has, therefore, been forced to pay costs and expenses of defending the Underlying Lawsuit and damages incurred in the Underling Lawsuit that should have been paid by Defendant.

23. Defendant is liable to Nextiva for all damages caused by its breach of contract.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment on Duty to Defend)**

24. Nextiva realleges and incorporates by reference, as if fully set forth herein, the allegations in each of the preceding paragraphs.

25. Under the Policy, Aspen agreed to defend any claim against Nextiva potentially covered by the Policy even if the allegations were groundless, false, or fraudulent.

26. The Underlying Lawsuit was brought against Nextiva during the policy period of Aspen's Policy and alleges that Nextiva committed covered wrongful acts.

27. Under the Policy, Defendant has an obligation to provide a timely defense against the Underlying Lawsuit until there is a final judgment not subject to appeal.

28. Defendant failed to properly discharge its duty to defend under its Policy.

29. Nextiva has incurred and will continue to incur costs defending the Underlying Lawsuit.

30. As a consequence of its failure to defend, Defendant has waived any rights it may have had to deny coverage, and it is estopped to deny coverage for claims asserted against Nextiva in the Underlying Lawsuit.

31. Nextiva is entitled to a declaratory judgment, stating that Aspen is obligated to timely defend Nextiva in the Underlying Lawsuit.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Judgment on Duty to Pay)**

32. Nextiva realleges and incorporates by reference, as if fully set forth herein, the allegations in each of the preceding paragraphs.

33. Under the Policy, Aspen undertook to pay on behalf of Nextiva all Loss (as defined in the Policy) that Nextiva becomes legally obligated to pay resulting from a claim first made against Nextiva during the policy period for a wrongful act.

34. Aspen has a duty to pay in full on behalf of Nextiva all loss that Nextiva may become obligated to pay resulting from the Underlying Lawsuit.

35. Defendant has failed to discharge its duty to pay Nextiva, including its duty to acknowledge coverage for the Underlying Lawsuit.

36. Nextiva is entitled to a declaratory judgment confirming Defendant's obligations under the Policy to Nextiva with respect to the Underlying Lawsuit. Nextiva is entitled to a declaratory judgment, stating that Defendant is obligated to indemnify Nextiva for all loss which Nextiva incurred and is continuing to incur as a result of the Underlying Lawsuit. This obligation is subject only to the policy limit provisions expressly set forth in the Policy.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

37. Nextiva realleges and incorporates by reference, as if fully set forth herein, the allegations in each of the preceding paragraphs.

38. The Policy between Nextiva and Aspen contains an implied covenant of good faith and fair dealing.

39. Aspen violated its good-faith obligations by unreasonably denying any coverage obligations despite unambiguous allegations in the Underlying Lawsuit that support a potential basis for liability against Nextiva that is wholly independent of any exclusions in the Policy. Aspen's unreasonable position denied Nextiva the benefits of insurance protection, including the security of a timely defense.

40. Aspen knew that its denial of coverage with respect to the Nextiva's claim relating to the Underlying Lawsuit was unreasonable or acted with reckless disregard to the unreasonable nature of its denial of coverage.

41. Aspen's positions are unreasonable and unfounded and constitute bad faith.

42. Aspen has consistently put its own financial interests ahead of its insured's interests. Despite repeated requests for defense support from its insured, particularly during the most intense periods required for Nextiva's defense, Aspen has refused to acknowledge the potential for Nextiva's liability based on the allegations in the Underlying Lawsuit or to undertake a reasonable investigation that would confirm that Nextiva faces potential liability in the Underlying Lawsuit that is independent from any exclusions in Aspen's Policy.

43. Nextiva has suffered damages as a result of Aspen's breaches of the implied covenants.

44. Nextiva is entitled to all damages proximately caused by the breach, or that were in the contemplation of Nextiva and Aspen at the time they entered into the Policy.

**FIFTH CLAIM FOR RELIEF**
**(Legal Expenses)**

45. Nextiva realleges and incorporates by reference, as if fully set forth herein, the allegations in each of the preceding paragraphs.

46. As a direct and proximate result of Aspen's breach of its contracts of insurance, Nextiva has been forced to incur the costs of attorneys' fees and other expenses in order to prosecute this action.

47. Nextiva is entitled to its attorneys' fees and other costs and expenses incurred in prosecuting this action pursuant to A.R.S. § 12-341.01 and other applicable law.

## V. REQUEST FOR RELIEF

Nextiva respectfully requests that the Court enter judgment in its favor and against Aspen as follows:

A. Finding the Defendant is in breach of its contractual duties under the Policy and under the covenant of good faith and fair dealing implied therein;

B. Finding the Defendant owes Nextiva a duty to defend and to pay;

C. For all compensatory and consequential damages to which Nextiva is entitled;

D. For pre- and post-judgment interest;

E. For attorneys' fees, costs, and expenses incurred in the prosecution of this action; and

F. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Nextiva requests a trial by jury on all issues so triable.

Dated: June 23, 2021

**PERKINS COIE LLP**

By: *<u>/s/Karin Scherner Aldama</u>*
Karin Scherner Aldama (#023816)
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
KAldama@perkinscoie.com

*Attorneys for Plaintiff Nextiva, Inc.*